**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2104
_____

KENNETH L. VONEIDA, Appellant

v.

COMMONWEALTH OF PENNSYLVANIA;
GOVERNOR OF PENNSYLVANIA, in his official capacity;
ATTORNEY GENERAL OF PENNSYLVANIA;
PENNSYLVANIA STATE POLICE COMMISSIONER FRANK NOONAN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 11-cv-00865)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 21, 2012
Before:  SMITH, CHAGARES and WEIS, Circuit Judges
(Opinion filed December 26, 2012)
_____

OPINION
_____

PER CURIAM.

Although the details are not especially clear from the amended complaint or other

documents filed in this case, it appears that Kenneth Voneida's claims arise from an

incident in which his son was convicted of violating 18 Pa. Cons. Stat. § 6105(a)(1) for

unlawful possession of a firearm.  The firearm, apparently purchased by Voneida, was

found after a search of Voneida's home pursuant to a warrant. It seems that his son's possession of the firearm was unlawful under 18 Pa. Cons. Stat. § 6105(c)(7) because of his son's juvenile delinquency adjudication at age 13.

Voneida sued the Commonwealth of Pennsylvania, as well as, in their official capacities, the Governor, Attorney General, and State Police Commissioner of Pennsylvania. He sought (i) an injunction against the enforcement of 18 Pa. Cons. Stat. §§ 6111 & 6111.1 and (ii) a declaration that those provisions of Pennsylvania's Uniform Firearms Act are "invalid, null, and void." He also requested that the defendants be directed "to provide the Public at large" with information about juvenile criminal records.

Voneida challenged the cited Pennsylvania statutory provisions on three grounds. He claimed that 18 Pa. Cons. Stat. § 6111.1(h) (a provision relating to the treatment of juvenile criminal records in instant background checks for firearm purchases), in conjunction with 42 Pa. Cons. Stat. 6308(d) (dealing with the confidentiality of some juvenile criminal records), conflicted with 18 U.S.C. § 922(b)(2) (a provision of the federal Brady Handgun Violence Prevention Act, 18 U.S.C. § 921, et seq.) in violation of the Supremacy Clause. He also contended that §§ 6111 & 6111.1 (or maybe more particularly, § 6111(g)(1) & (2)), in light of §§ 6308(d) & 6105(c)(7), are overbroad and vague because they do not provide an individual with fair notice of whether a transfer of a firearm was unlawful. Lastly, Voneida asserted that Pennsylvania law violated the Commerce Clause by interfering with the interstate sale or delivery of firearms.

2

The defendants moved to dismiss the complaint, and Voneida filed a motion for summary judgment. The District Court granted the defendants' motion, and denied Voneida's. The District Court concluded that the claims against the Commonwealth were barred by the Eleventh Amendment, and that Voneida did not have standing to challenge §§ 6111 & 6111.1. The District Court further stated that even if Voneida had standing, his claims were without merit and based on a misunderstanding of the statutes. Voneida appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. See Grier v. Klem, 591 F.3d 672, 676 (3d Cir. 2010); Gould Elec., Inc. v. United States, 220 F.3d 169, 170 (3d Cir. 2000).

We will affirm because Voneida did not have standing to raise his claims.[1] "The 'irreducible constitutional minimum' of Article III standing consists of three elements": (1) "the plaintiff must have suffered a 'concrete,' 'particularized' injury-in-fact, which must be 'actual or imminent, not conjectural or hypothetical'"; (2) "that injury must be 'fairly traceable to the challenged action of the defendant'"; and (3) "the plaintiff must

---

[1] Voneida has not addressed the dismissal of his Commerce Clause claim. Although we could extend our analysis to that claim, we conclude that he has waived that claim and will not consider it. See, e.g., Kopec v. Tate, 361 F.3d 772, 775 n.5 (3d Cir. 2004); Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994). We also will not consider arguments raised for the first time on appeal, such as Voneida's claim that 18 U.S.C. § 925A provides a private cause of action to force a state or political subdivision to correct erroneous information. See Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994).

3

establish that a favorable decision likely would redress the injury." Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137-38 (3d Cir. 2009) (citation omitted).

In his Supremacy Clause claim, Voneida cites a provision of the Brady Act that regulates licensed importers, manufacturers, dealers, and collectors[2] and a provision of state law that relates to the duties of the Pennsylvania State Police in regards to juvenile records. However, he did not allege that he is a licensed firearms dealer (or the like) or a state police officer. He did not explain how he was injured or could be injured by the statutes governing the conduct of groups to which he does not belong. Rather, his allegations amount to nothing more than a generalized grievance shared by the public, which is insufficient to confer standing. Common Cause of Pa. v. Pa., 558 F.3d 249, 259-60 (3d Cir. 2009).

Voneida's void-for-vagueness challenge also could not proceed for lack of standing. "The void-for-vagueness doctrine reflects the fundamental principle that, in order to comply with the requirements of due process, a statute must give fair warning of the conduct that it prohibits." United States v. Fontaine, 697 F.3d 221, 226 (3d Cir. 2012). Voneida's allegations themselves are vague, but construing his pro se complaint liberally, it appears that Voneida's challenge is centered on the prohibition on straw

---

[2] The provision reads that it is "unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver . . . any firearm to any person in any State where the purchase or possession by such person of such firearm would be in violation of any State law . . . ." 18 U.S.C. § 922(b)(2).

4

purchases set forth in 18 Pa. Cons. Stat. § 6111(g)(1) and (2). In pertinent part, the statute reads as follows:

> (1) Any person, licensed dealer, licensed manufacturer or licensed importer who knowingly or intentionally sells, delivers or transfers a firearm in violation of this section commits a misdemeanor of the second degree.

> (2) Any person, licensed dealer, licensed manufacturer or licensed importer who knowingly or intentionally sells, delivers or transfers a firearm under circumstances intended to provide a firearm to any person, purchaser or transferee who is unqualified or ineligible to control, possess or use a firearm under this chapter commits a felony of the third degree and shall in addition be subject to revocation of the license to sell firearms for a period of three years.

18 Pa. Cons. Stat. § 6111(g)(1) & (2).

Voneida's argument appears to be that if a person can be convicted of violating the straw purchase statute by selling, delivering, or transferring a firearm to a person who is prohibited from possessing one when the transferee's only offense is a sealed juvenile adjudication, then the statute is void for vagueness because the transferor would not have fair notice that the transferee was prohibited from possessing a firearm. Voneida also contended in the District Court that possession of a firearm within one's own home or business, where another individual prohibited from possessing a firearm could have access to it, could be deemed tantamount to transferring the firearm to that individual.

Although this straw purchase provision applies to a broader class of persons than licensed dealers, manufacturers, or importers, Voneida has nonetheless failed to allege that he suffered particularized injury-in-fact necessary to confer standing. His amended

5

complaint was devoid of any such allegations; it described the statute and the perceived harm in very abstract and hypothetical terms. Voneida attempted to add further details as to his alleged injury in his brief on appeal. Although statements in a brief are not a substitute for the allegations in the complaint, see Grayson v. Mayview State Hosp., 293 F.3d 103, 109 n.9 (3d Cir. 2002), we will briefly explain why Voneida's further characterizations are still insufficient.

In relation to the 2007 incident apparently involving his son, Voneida has not alleged that he himself was actually charged with any crime in connection with that incident. Rather, he argued only that various public officials insinuated in court documents or otherwise that his conduct was unlawful. Nor did Voneida allege that he has any reasonable apprehension of being charged in the future in connection with that incident, which occurred more than five years ago. Quite to the contrary, Voneida asked that we direct the U.S. Attorney General and the Attorney General of Pennsylvania to prosecute him for providing a firearm to prohibited person so that he "is able to establish legally recognized injuries sufficient to Satisfy the Judicial System." This procedurally irregular request, which we decline, is itself a concession that Voneida has not satisfied the injury-in-fact requirement.

We also note that while Voneida attempted—though, unsuccessfully—to address the injury-in-fact requirement, he ignored the redressability requirement, which "focuses on the connection between the plaintiff's injury and the judicial relief sought." Public Interest Research Grp. of N.J., Inc. v. Powell Duffryn Terminals Inc., 913 F.2d 64, 73 (3d

6

Cir. 1990). In this case, Voneida seeks only prospective relief which would not be of any help to Voneida in connection with the 2007 incident. "When, as in this case, prospective relief is sought, the plaintiff must show that he is 'likely to suffer future injury' from the defendant's conduct." McNair v. Synapse Grp., Inc., 672 F.3d 213 (3d Cir. 2012) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983)). Voneida has not done so. Although he makes vague allusions to not wanting to engage in any conduct that could be deemed unlawful in the future, his assertions in this regard are far too speculative and lacking in imminence to satisfy the demands of Article III standing.

Because Voneida did not have standing to bring his lawsuit, the District Court properly denied Voneida's motion for summary judgment and dismissed Voneida's complaint on the defendants' motion. Accordingly, we will affirm the District Court's judgment.